OPINION OF THE COURT
Per Curiam.
Final judgment entered May 11, 1984 reversed, with $30 costs, and final judgment directed in favor of landlord as prayed for in the petition.
In September 1963, a two-year lease for an apartment at 405 East 54th Street, Manhattan, was entered into between the corporate respondent, Candid Productions, Inc., and a predecessor to appellant. The lease was executed in the name of “Candid Productions, Inc., by Paul Feigay”, and provided in the rider at *1029 paragraph 39, “The demised premises shall be occupied only by the president of the Tenant, Paul Feigay, his spouse and children now residing with him or hereafter born”. The premises were to be used “only as a strictly private dwelling apartment and for no other purposes*”. Paragraph 33 of the rider provided: “The term ‘immediate family of the Tenant’ referred to in paragraph 2 hereof shall mean the Tenant, his or her spouse and children now residing with the Tenant or hereafter born. The foregoing term shall not include any other persons, relatives or married children of the Tenant not living with the Tenant at the time of the execution of this lease”. Mr. Feigay was treated as a statutory tenant and remained in occupancy until his death in February 1983. Dick Button became president of the corporation about one month prior to Feigay’s death and sought to occupy the apartment as the new president upon Feigay’s death. Landlord served a 30-day notice of termination on May 26,1983 and a holdover proceeding was commenced on or about July 13. Prior to trial, the Office of Rent Control, acting upon the tenant’s complaint, made this determination: “It appears that the subject apartment is decontrolled pursuant to section 2F17 of the Regulations (vacancy decontrol). A corporation is not considered to be a tenant of a residential apartment”. Tenant filed a protest of that ruling, but we are told that there has been no decision to date. The summary proceeding went to trial in January 1984. The trial court concluded that a corporation could qualify as a controlled tenant; that Candid Productions, Inc., which is in the business of producing programs for television, required the apartment to facilitate rush production and editing jobs; and that Button, as successor president, was entitled to reside in the apartment and to carry on these functions. The petition was dismissed.
At the outset, it is observed that the decision below is at odds in material respect with the extant order of the administrative agency. Generally, such orders are not subject to collateral attack in summary proceedings. In any event, we think the landlord is entitled to prevail based upon the holding in Matter of Cale Dev. Co. v Conciliation & Appeals Bd. (94 AD2d 229, affd 61 NY2d 976). It was there held that where a corporate tenant enters into a written lease designating specific individuals rather than a class of individuals as the sole occupants, the right to continued occupancy (a renewal lease) turns on the primary residence of the occupants named in the lease. “[R]ent stabilization was never intended to place such a [corporate] tenant’s leasehold estate in perpetual trust for the benefit of whomever, at a particular point in time, might happen to occupy a corporate *1030 office” (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., supra, pp 234-235). The same principle would seem to apply in the rent control situation now before us. This was an apartment lease given to a closely held corporation for use as a “private dwelling apartment” — specifically, for the use and benefit of named occupant Paul Feigay, his wife and children. The lease excluded all other persons from occupancy. Given these provisions, it cannot reasonably be argued that the original contracting parties intended that the apartment could be passed along, indefinitely, from Feigay to whomever happened to be designated as the next president(s) of the corporation, with no reversion to the landlord. We construe the lease as personal to Feigay, and upon his death any controlled status terminated, there being no immediate family members residing with him.
Dudley, P. J., Hughes and Sandifer, JJ., concur.